Filed 08/21/23  P. v. Venegas CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>GABRIEL LARRY VENEGAS,<br><br>    Defendant and Appellant. | G061649<br><br>(Super. Ct. No. 05NF0836)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, M. Marc Kelly, Judge.  Affirmed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Gabriel Larry Venegas of conspiracy to commit murder (Pen. Code, §§ 182, subd. (a)(1), 187, subd. (a); count 1),[1] two counts of attempted murder with premeditation and deliberation (§§ 187, subd. (a), 664; counts 2 & 3), possession of a firearm by a felon (§ 12021, subd. (a)(1); count 4), and street terrorism (§ 186.22, subd. (a); count 5).  The jury also found true allegations that counts 1, 2, 3, and 4 were committed for the benefit of or to promote a criminal street gang (§ 186.22, subd. (b)(1)) and defendant personally discharged a firearm causing great bodily injury with regard to counts 1, 2, and 3 (§ 12022.53, subd. (d)).

The court sentenced defendant to a determinate term of 7 years and a consecutive indeterminate term of 115 years to life.  In 2011, another panel of this court affirmed a modified judgment.  (*People v. Venegas* (Feb. 15, 2011, G041958) [nonpub. opn.].)

In March 2022, defendant filed a petition for resentencing under former section 1170.95 (now § 1172.6).[2]  The trial court summarily denied defendant's petition for resentencing.  Defendant timely filed a notice of appeal.  His appointed counsel advised the court he was unable to find an issue to argue on defendant's behalf and requests that we review the entire record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Consistent with *Anders v. California* (1967) 386 U.S. 738, appointed counsel also identified two issues to assist in our independent review:  (1) whether the court engaged in improper factfinding when it denied defendant's petition for resentencing; and (2) whether the court erred by failing to consider if Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699) required the conspiracy to commit murder and attempted murder charges to be proven without reference to gang evidence that would be

---

[1]    All further statutory references are to the Penal Code.

[2]    Effective June 30, 2022, section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10).

inadmissible today. Defendant was given the opportunity to file written argument on his own behalf, but he has not done so. Although defendant has not filed a supplemental brief, we exercise our discretion to conduct an independent review of the record and appointed counsel's *Wende* brief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 232.)

We have examined the entire record and have not found an arguable issue on appeal. Accordingly, we affirm the postjudgment order.


FACTS

In March 2022, defendant filed a petition for resentencing. In his petition, defendant averred: "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [Citation.] [¶] 2. I was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.] [¶] 3. I could not presently be convicted of murder or attempted murder because of changes made to [sections] 188 and 189, effective January 1, 2019."

The court appointed counsel for defendant, received additional briefing from the parties, and conducted a prima facie hearing. The court then denied defendant's petition for resentencing. With respect to count 1, the court concluded defendant was ineligible for relief as a matter of law because section 1172.6 did not apply to convictions for conspiracy to commit murder. With respect to counts 2 and 3, the court held the jury instructions and verdict forms established defendant was ineligible for relief as a matter of law. The court noted the jury was given instructions pertaining to aiding and abetting liability (CALCRIM Nos. 400, 401) but did not receive any instructions on the natural and probable consequences doctrine (CALCRIM Nos. 402, 403). The court also

3

emphasized the jury found true allegations that defendant personally discharged a firearm causing great bodily injury. As to this jury finding, the court explained the jury received CALCRIM No. 3149, which instructed that "the People had to prove [defendant] discharged a firearm during the commission of the attempted murder, [defendant] intended to discharge the firearm, and [defendant's] act caused great bodily injury." The jury further received CALCRIM No. 601, which instructed that "the People had to prove [defendant] intended to kill when he acted and [defendant] deliberated if he carefully weighed the considerations for and against his choice and, knowing the consequences, decided to kill." Given these instructions and the jury's true finding, the court held the jury necessarily found defendant, the actual shooter, acted with intent to kill during the commission of the attempted murders.

DISCUSSION

Relief under section 1172.6 is restricted to those convicted of murder "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (*Id*., subd. (a)(1).) In determining whether the petitioner has made a prima facie case for relief under section 1172.6, the trial court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971.) The record of conviction includes the court's own documents, including "the trial evidence, the jury instructions, and closing arguments of counsel." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 13.) As our Supreme Court explained, "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.)

Here, defendant's petition lacks merit because the record of conviction establishes he was not convicted based on felony murder or under a natural and probable

4

consequence theory. He was convicted of conspiracy to commit murder as evidenced by the jury verdict forms and the abstract of judgment. As a matter of law, a defendant convicted of such a crime is not eligible for resentencing under section 1172.6. (*People v. Whitson* (2022) 79 Cal.App.5th 22, 34-36; see *People v. Medrano* (2021) 68 Cal.App.5th 177, 183 [conviction of conspiracy to commit murder requires finding of intent to kill].)

With respect to the attempted murders, the jury was never instructed on the natural and probable consequences. Instead, the jury received instructions pertaining to aiding and abetting liability (CALCRIM Nos. 400 & 401). The jury also was instructed it could find the deliberation and premeditation allegation on the attempted murder counts true only if defendant "intended to kill," "carefully weighed the considerations for and against [his] choice and, knowing the consequences, decided to kill," and "decided to kill before acting." (CALCRIM No. 601.) The jury was further instructed on the firearm enhancement allegations: "If you find the defendant . . . guilty of the crimes charged in Counts 1-3, you must then decide whether . . . the People have proved the additional allegation that the defendant personally and intentionally discharged a firearm during the crime causing (great bodily injury)." (CALCRIM No. 3149.) The instructions stated the People had to prove: (1) the defendant "personally discharged a firearm during the commission of that crime;" (2) the defendant "intended to discharge the firearm;" and (3) his "act caused [great bodily injury] to a person who was not an accomplice to the crime." (CALCRIM No. 3149.) The record accordingly demonstrates defendant was *not* convicted based upon felony murder, the natural and probable consequences theory, or other theory under which malice is imputed.

As noted *ante*, appointed counsel questions whether the court erred by failing to consider if Assembly Bill No. 333 (Stats. 2021, ch. 699) required the conspiracy to commit murder and attempted murder charges to be proven without reference to gang evidence that would be inadmissible today. She notes Assembly Bill

5

No. 333 added section 1109, which requires gang enhancement allegations to be bifurcated and tried after a guilt phase.  (§ 1109, subd. (a); Stats. 2021, ch. 699, § 5.)  This contention is not cognizable on appeal because defendant failed to raise the argument below.  (*People v. Vargas* (2022) 84 Cal.App.5th 943, 949, fn. 5.)  Even assuming no forfeiture, Assembly Bill No. 333 does not apply to defendant because his judgment was final long before its enactment.  (*People v. Boukes* (2022) 83 Cal.App.5th 937, 946 [noting Assembly Bill No. 333's substantive changes apply in cases where the judgment is not yet final]; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; *People v. Padilla* (2022) 13 Cal.5th 152, 162 ["a judgment becomes final '"where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari ha[s] elapsed"'"].)

## DISPOSITION

The postjudgment order is affirmed.


SANCHEZ, J.

WE CONCUR:


GOETHALS, ACTING P. J.


MOTOIKE, J.

6